ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

**CV 14 - 3718**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MATSUMOTO, J.**

-------------------------------------------------------------------X

JEANNATE ELEY,

Case No.:   **MANN. M.J.**

                            Plaintiff,

COMPLAINT AND
JURY DEMAND

        -against-

THE CITY OF NEW YORK AND POLICE OFFICERS
"JOHN DOE 1-10" FICTITIOUS NAMES INTENDED
TO BE POLICE OFFICERS AND EMPLOYEES OF
THE NEW YORK CITY POLICE DEPARTMENT, EACH
INDIVIDUALLY AND AS POLICE OFFICERS OF THE
NEW YORK CITY POLICE DEPARTMENT,

                            Defendants.

-------------------------------------------------------------------X

        Plaintiff, JEANNATE ELEY, by and through her attorney, ALEXANDER M.

DUDELSON, ESQ., states as follows:


                            INTRODUCTION

        1.      This is an action for the wrongful acts of Defendants THE CITY OF NEW

YORK AND POLICE OFFICERS "JOHN DOE 1-10" FICTITIOUS NAMES INTENDED TO

BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE

DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW

YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C.

Section 1983 and the constitution and laws of the State of New York and the United States.

2.      Plaintiff, JEANNATE ELEY, alleges that beginning on or about November 13, 2013, defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, maliciously prosecuting Plaintiff, intentionally and/or negligently inflicting severe physical injuries and severe emotional distress, negligence in the hiring and retaining of incompetent and unfit officers and detectives, negligence in the training, instruction and supervision of its officers and detectives, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3.      This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4.      Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress from the violation of the Plaintiff's Constitutional and civil rights.

5.      Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6.      Plaintiff demands a trial by jury on each and every one of his claims pled herein.

## PARTIES

7.      At all times relevant hereto, Plaintiff was and is a domiciliary of the United States residing in Kings County, in the City and State of New York.

8.     At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9.     POLICE OFFICERS "JOHN DOE 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS  POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were at all times relevant to this action, police officers employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, POLICE OFFICERS "JOHN DOE 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE  DEPARTMENT, EACH INDIVIDUALLY AND AS  POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were assigned to the 81st and Brooklyn North Precincts of the New York City Police Department, at the time of the occurrences alleged in this complaint.  They are being sued in both their individual and official capacities.

10.     At all times relevant hereto and in all their actions described herein, defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment, and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11.     At all times relevant hereto, THE CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICERS "JOHN DOE 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND

EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officers whose identity Plaintiff intends to discover.

12. At all times relevant hereto, Defendant THE CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13. At all times mentioned herein, the Defendant THE CITY OF NEW YORK, knew or should have known of the bias, poor judgment, abusive and other unlawful propensities of the officers involved in the violation of civil rights, use of excessive force in effecting arrest, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

14. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

CONDITIONS PRECEDENT

15. On or about January 13, 2014, Plaintiff's Notice of Claim was duly filed with the Comptroller's Officer of the City of New York; said Notice was filed within ninety days after the causes of the action accrued. More than thirty days have elapsed since the filing of said notice and this matter has not been settled or otherwise disposed of.

16. Plaintiff was served with a Notice for a 50-H hearing on March 27, 2014.

17. On or about May 8, 2014, a 50-H hearing in the matter of the Claim of JEANNATE ELEY against THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT was held at the office of BILLIG LAW, P.C., 61 Broadway, Suite 510, New York, New York 10004.

18.     Plaintiff has duly complied with all conditions precedent to the commencement of this cause of action.

## FACTUAL BACKGROUND

19.     At all times relevant to this action, Plaintiff JEANNATE ELEY resided at 542 Williams Street, Apartment 2, Brooklyn New York 11207.

20.     On or about November 13, 2013, the Plaintiff was seven months pregnant.

21.     On or about November 13, 2013 at approximately 1:00 A.M.,  Plaintiff visited her friend Anthony at a private house ("subject premises") located at 49 Albany Avenue, Brooklyn, New York.

22.     At around 2:00 A.M. on November 13, 2013, the Plaintiff and her friend Anthony fell asleep in a bedroom on the third floor of the subject premises.

23.     On November 13, 2013 at approximately 6:30 A.M. the Plaintiff and her friend Anthony were awoken by banging noises coming from within the subject premises.

24.     The Plaintiff rose from the bed on which she was sleeping and opened the door to the room.

25.     The Plaintiff saw approximately ten plain-clothes police officers in the subject premises and four officers outside the bedroom where she had been sleeping.

26.     As on the Defendant Police Officer JOHN DOES 1-10 approached the Plaintiff, the Plaintiff advised him that she was pregnant.

27.     Thereupon one of Defendant Police Officer JOHN DOES 1-10 grabbed the Plaintiff and slammed her onto the ground.

28.     That the Plaintiff's stomach, face and other front parts of her body struck the floor.

29.     That one of Defendant Officers "JOHN DOE 1-10" then shoved his foot into the Plaintiff's back.

30.     The Plaintiff was then handcuffed by one of Defendant Officers JOHN DOES 1-10.

31.     That despite repeated attempts to ascertain the basis for her arrest, the Plaintiff was not informed why she was being handcuffed..

32.     That the Plaintiff was never shown an arrest warrant.

33.     Upon being slammed onto the floor, the Plaintiff suffered immediate pain and discomfort.

34.     That the Plaintiff immedietly informed the Arresting Defendant Police Officer JOHN DOES 1-10 that she was bleeding from inside her nose as a result of the impact to the floor.

35.     That the Plaintiff then informed a female officer also present at the subject premises that she was experiencing pain and cramping in her abdomen.

36.     That the Plaintiff then requested from the officers that an ambulance be summoned and that she be transported to a hospital for medical treatment.

37.     That the Defendant Police Officers JOHN DOES 1-10 denied the Plaintiff's request for medical treatment and advised her that her injuries would be addressed at the police precinct.

38.     The Plaintiff was transported to a police van that was parked outside of the subject premises.

39.     That the police van then transported the Plaintiff to the 81st Precinct Station House.

40.     That the Plaintiff noticed a spotty vaginal blood discharge when she arrived at the 81st Precinct Station House.

41.     The Plaintiff had not previously had any spotting of blood prior to this arrest.

42.     The Plaintiff once again asked that she receive medical attention upon arriving at the 81st Precinct Station House.

43.     The Plaintiff was informed by officers at the 81st Precinct Station House that an ambulance had already been called for her.

44.     An ambulance did not arrive for approximately two hours after the Plaintiff arrived at the 81st Precinct.

45.     The Plaintiff was assessed in the ambulance and was told her blood pressure was elevated.

46.     The Plaintiff continued to complain of pain in her abdomen and bleeding from her nose when she was seen by ambulance personnel.

47.     Thereafter the Plaintiff was transported to Woodhull Medical Center.

48.     The Plaintiff received medical tests including fetal heart monitoring while she was at Woodhull Medical Center.

49.     Thereafter, the Plaintiff was transported back to the 81st Precinct from Woodhull Medical Center.

50.     The Plaintiff was fingerprinted, searched, and photographed after returning to the Police Precinct.

51.     That the search of the Plaintiff did not result in the recovery contraband or illegal items.

52.     The Plaintiff was held at the 81st Precinct Station House for approximately four to six hours.

53.     Thereafter, the Plaintiff was transferred to Central Booking.

54.     The Plaintiff was held at Central Booking for approximately two additional days.

55.     That during her time at Central Booking the Plaintiff was unable to use a restroom due to the abdominal pain and pregnancy-related complications that she was experiencing.

56.     That the Plaintiff was held at Central Booking under Arrest Number K13701357 for the following charges: (a) Penal Law 221.15, Criminal Possession of Marijuana in the Fourth Degree, a Class A Misdemeanor; (b) Penal Law 220.50, Criminally Using Drug Paraphernalia in the Second Degree, a Class A Misdemeanor; (c) Penal Law 265.01, Criminal Possession of a Weapon in the Fourth Degree, a Class A Misdemeanor, (Four Counts); (d) Penal Law 285.02, Criminal Possession of a Weapon in the Third Degree, a Class D Violent Felony; (e) Penal Law 220.16, Criminal Possession of a Controlled Substance in the Third Degree, a Class B Felony;

57.     On or about November 15, 2013, at approximately 7:00 P.M., the Office of the District Attorney declined prosecution and the Plaintiff was released from Central Booking.

58.     The Plaintiff continued to experience pain and cramping in her abdomen after being released from Central Booking, which was a result from her traumatic arrest, confinement, and the impact she sustained when she was handcuffed.

59.     That the Plaintiff continued to experience pregnancy-related medical complications including early labor, uterine cramps and abdominal pain after she was released from Central Booking.

60.     The Plaintiff required additional medical attention after being released from which included visits to her obstetrician one day per week.

61.     The Plaintiff required hospitalization at Brookdale Medical Center on at least two occasions, including once in November of 2013,  to stop early labor and to treat other medical complications including severe uterine pain, abdominal cramps, early contractions and dilation of her cervix.

62.     That the Plaintiff required bed rest as a result of her abdominal pain and many other pregnancy-related complications.

63.     On February 2, 2014, the Plaintiff unexpectedly went into early labor while on a trip in North Carolina.

64.     As a result of internal bleeding, Plaintiff required delivery by Cesarian Section.

65.     That as a result of the Defendants conduct, the Plaintiff was imprisoned for approximately three days.

66.     That while detained, Plaintiff was unable to report to her usual place of business for work.

67.     As a result of her arrest and her failure to respond to her usual place of business, Plaintiff was fired from her position as a personal care assistant and has been unable to find other employment.

68.     As a direct and proximate result of the actions of Defendant THE CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOE 1-10,"  Plaintiff JEANNATE ELEY suffered severe physical injuries, emotional distress and lost wages.

69.     As a direct and proximate result of the actions of the Defendant CITY OF NEW

YORK AND POLICE OFFICERS "JOHN DOE 1-10," Plaintiff JEANNATE ELEY was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately three days.

70.    Defendant OFFICERS "JOHN DOE 1-10," acted with malice in arresting Plaintiff JEANNATE SHAMEEKA ELEY on false charges.

71.    Defendant OFFICERS "JOHN DOE 1-10," brought charges against Plaintiff JEANNATE SHAMEEKA ELEY and purposely misused their Police powers and the courts to arrest, harass, intimidate, and imprison Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

72.    To date, as a direct and proximate result of Defendant's actions, Plaintiff JEANNATE ELEY has suffered the loss of her liberty, and continues to suffer emotional pain, permanent damage to her good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other psychological injuries.

73.    As a direct and proximate result of Defendants actions, Plaintiff JEANNATE ELEY was arrested and detained for a time amounting to a period lasting approximately three days for criminal charges without just cause.

74.    As a direct and proximate cause of Defendant's actions, Plaintiff JEANNATE ELEY was deprived of her rights, privileges and immunities under the Fourth, Eighth and

Fourteenth Amendments to United States Constitution and the laws of the State of New York.

75.     Defendant THE CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the Defendant Police Officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the Defendant Officers in this case to engage in the unlawful conduct described above.

76.     Defendant THE CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the Defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing Police Officers and Detectives, including Defendants in this case, to engage in the unlawful conduct described above.

77.     Defendant THE CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from their duties.

78.     Defendant THE CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to November 13, 2013, the perpetration of unlawful arrests, the commission of perjury and other malicious and inappropriate unlawful acts by Defendant officers were occurring, in that it believed that there may have been complaints of

such unlawful conduct by these particular officers, but Defendant THE CITY OF NEW YORK

failed to take appropriate steps to eliminate such unlawful acts.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: THE EXCESSIVE
USE OF FORCE (Defendant Police Officers JOHN DOES 1-10)

79.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 78 of

this complaint, as though fully set forth herein.

80.     On November 13, 2013, at approximately 6:30 A.M., at or around 49 Albany

Avenue, Brooklyn, New York, Defendant Police Officers JOHN DOES 1-10, without just cause

or provocation and in violation of proper and appropriate police conduct, and with maliciousness

and violence, used excessive force in effecting the arrest of plaintiff JEANNATE ELEY such

that plaintiff JEANNATE ELEY  was injured.

81.     That the defendants, their agents, servants and employees, acting as agents and on

behalf of THE CITY OF NEW YORK and within the scope of their employment, intentionally

and maliciously used excessive force, beyond what any reasonable officer in the circumstances

would have used, while effecting an arrest of plaintiff JEANNATE ELEY, and that no

supervisor or superior officer intervened to prevent the use of such excessive force.

82.     By reason of the aforesaid, plaintiff JEANNATE ELEY suffered great physical

damage and pain, intimidation and fear, and conscious pain and suffering, and were otherwise

damaged.

83.     The acts and conduct of Defendant Police Officer JOHN DOES 1-10, as alleged

in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in

violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section

1983.

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:

DEPRIVATION OF LIBERTY BY FALSE ARREST,
MALICIOUS PROSECUTION AND FALSE IMPRISONMENT
(Defendant POLICE OFFICERS "JOHN DOE 1-10")

84.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-83 of this complaint as though fully set forth therein.

85.     The actions of Defendant POLICE OFFICERS "JOHN DOE 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE  DEPARTMENT, EACH INDIVIDUALLY AND AS  POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, acting under the color of state law, deprived Plaintiff of her rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, malicious prosecution, false imprisonment and the intentional and/or negligent infliction of emotional distress.

86.     By these actions, Defendants deprived Plaintiff of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

87.     As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional and physical injuries, was subject to great humiliation, suffered lost wages, and was otherwise harmed, damaged and injured.

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant THE CITY OF NEW YORK)

88.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-87 of this complaint and though fully set forth therein.

89.     At all times material to this complaint, Defendant THE CITY OF NEW YORK,

acting through its police department, the New York City Police Department, has in effect de-facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of Defendant officers.

90.     Upon information and belief, Defendant THE CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the Defendant Officers, detectives, sergeants and employees herein, for their failure to protect citizens from unconstitutional conduct of other detectives, sergeants and employees, thereby permitting and allowing the Defendant officers, sergeants and employees herein to be in a position to falsely arrest and maliciously prosecute without cause or justification, that amounted to an abuse of official power causing injury and violating Plaintiff's constitutional rights, and/or permit these actions to take place with their knowledge and/or consent.

91.     Upon information and belief, Defendant THE CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at

levels of significant and substantial risk to the public in general.

92.     As a result of the foregoing conscious policies, practices, customs and/or usages, Defendant THE CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff therein.

93.     The acts of Defendant THE CITY OF NEW YORK as set forth above in paragraphs 1-92 deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States and the State of New York; in particular the rights to be secure in her person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and the intentional and/or negligent infliction of emotional distress.

94.     By these actions, Defendant THE CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983 and further violated his rights under the New York State Constitution.

95.     As a result of the foregoing, Plaintiff sustained great emotional and physical injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

FOURTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

96.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-95 of this complaint and though fully set forth therein.

97.   Defendants THE CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOE 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying her free exercise and enjoyment of the rights, privileges and equal protection of the law secured to her by the Constitutions of the United States and the State of New York.

98.   The aforementioned Defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of Plaintiff's constitutional rights including the right to due process, to have Plaintiff maliciously prosecuted for crimes that she did not commit.

FIFTH CLAIM: NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

99.   Plaintiff repeats and realleges the allegations contained in paragraphs 1-98 of this complaint as through fully set forth herein.

100.   The injuries incurred by Plaintiff were due to the negligence of the defendants THE CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOE 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT

101.   As a result of the foregoing, Plaintiff sustained great physical and emotional injuries, lost wages, lost chattel, was subjected to extreme humiliation, and was otherwise

2.      Award punitive damages in an amount to be determined at trial;

3.      Disbursements, costs and attorney's fees; and

4.      For such other further relief that this court may deep just and proper under the

circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
      June 11, 2014

                                          _____
                                      ALEXANDER M. DUDELSON, ESQ. (AD4809)
                                      *Attorney for Plaintiff*
                                      26 Court Street - Suite 2306
                                      Brooklyn, New York 11242
                                      (718) 855-5100